STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
HERBERT TUCKER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 29, 1976—Decided July 7, 1976.

70

Before Judges KOLOVSKY and CRAHAY.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Ms. Mary Aurigemma,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney for respondent (*Mr. Kenneth P. Ply,* Assistant Prosecutor, of counsel and on the brief).

PER CURIAM. During the course of an armed robbery of a liquor store on February 19, 1968, the owner of the store and an employee were shot and killed by the robbers. Two indictments returned by the Essex County grand jury on April 8, 1968 charged defendant with the murder of the victims.

At a consolidated trial of the two indictments held from November 4 to 18, 1968, defendant was found guilty of first degree murder of each victim. He was sentenced on November 18, 1968 to concurrent life sentences on each conviction. On his direct appeal, in which he challenged the admissibility of inculpatory statements he had given the police, the convictions were affirmed by the Appellate Division in an opinion filed July 26, 1971.

The present appeal is from an order denying the application for post-conviction relief which defendant had filed on August 28, 1974 based on a challenge to the array of the Essex County grand jury which had indicted him. That

challenge and defendant's claim that his conviction should be set aside were bottomed on *Smith v. Yeager,* 465 *F.* 2d 272 (3 Cir. 1972), *cert.* den., 409 *U. S.* 1076, 93 *S. Ct.* 685, 34 *L. Ed.* 2d 665 (1972), a case decided more than three years after defendant was indicted, tried and convicted.

In *Smith v. Yeager,* the federal court held — contrary to what had theretofore been decided by our courts in *State v. Smith,* 102 *N. J. Super.* 325 (Law Div. 1968), aff'd 55 *N. J.* 476, 481 (1970), *cert.* den., 400 *U. S.* 949, 91 *S. Ct.* 232, 27 *L. Ed.* 2d 256 (1970) — that a prima facie showing had been made that "the key man" jury selection system employed in Essex County for empanelling grand jurors invidiously discriminated in selection of black grand jurors so as to deny a black defendant indicted by the grand jury of the equal protection of the law.

Defendant does not dispute that the court rules in effect when he was indicted and tried, *R. R.* 3:3–2 and *R. R.* 3:5–5 (b)(2), whose provisions now appear in *R.* 3:6–2 and *R.* 3:10–2, clearly required that any objection by a defendant to the composition of the grand jury that indicted him had to be made in advance of trial. However, he argues that his failure to make a timely challenge should not operate as a bar to the post-conviction relief which he seeks because allegedly — we quote from his brief before us —

* * * he was unaware, prior to the filing of his petition [for post-conviction relief] in 1974, that he might have been able to successfully challenge the Grand Jury array because of the employment of the so-called "key man" system of jury selection during the time when his jury was empaneled.

Defendant refers, in support of that statement, to his verified petition for post-conviction relief and to an affidavit of his trial attorney in which the attorney stated that he could not "recall whether or not I discussed the issue of challenging the selection and array of the Grand Jury with my client Herbert A. Tucker [whose] trial was on Novem-

ber 4, 6, 7, 8, 12, 13, 14, 15 and 18, 1968." I further state that I was aware of said issue."

That the attorney was "aware" of that issue — an awareness obviously stemming from the rejection of the attack on the "key man" system embodied in the Law Division's opinion in *State v. Smith, supra,* filed on June 28, 1968 — is irrelevant absent a charge, which defendant made in his petition but which was in effect abandoned at the post-conviction relief hearing and is not argued on appeal, that the attorney was "ineffective" for not raising it.

In any event, defendant's alleged unawareness that "he might have been able to successfully challenge the Grand Jury array," standing alone, affords no basis for giving retroactive effect to *Smith v. Yeager, supra.*

Absent a showing of actual prejudice — and here there has been no semblance of such a showing — a defendant who has failed to make a timely challenge to the allegedly unconstitutional composition of the grand jury that indicted him may not, after his conviction, attack the grand jury's composition in a proceeding for post-conviction relief. *Davis v. United States,* 411 *U. S.* 233, 93 *S. Ct.* 1577, 36 *L. Ed.* 2d 216 (1973); *Francis v. Henderson,* —— *U. S.* ——, 96 *S. Ct.* 1708, 48 *L. Ed.* 2d 149 (1976); see also *State v. Hughes,* 128 *N. J. Super.* 363 (App. Div. 1974), certif. den. 66 *N. J.* 307 (1974).

It was so held in *Davis v. United States, supra,* with respect to a defendant who had been convicted in a federal court and in *Francis v. Henderson, supra,* with respect to a defendant convicted in Louisiana, where, as in this State, a challenge to the grand jury has to be raised before trial.

Apposite is the court's statement in *Francis v. Henderson, supra:*

In a collateral attack upon a conviction [there must be], not only a showing of "cause" for the defendant's failure to challenge the composition of the grand jury before trial, but also a showing of actual prejudice. [96 *S. Ct.* at 1711]

The order denying post-conviction relief is affirmed.